No. 762

FOLTZ GROCERY & BAKING CO. v. BROWN, Secy. of State

Ohio Appeals, 4th Dist., Franklin County No. 1217. Decided May 8, 1924.

118. AUTOMOBILES — 1. State license classification for not unconstitutional unless unreasonable.

2. Where a classification has a reasonable basis, will not be held unconstitutional if results in some hardship.

3. Everything must be construed in favor of classification.

For Supreme Court, Pending Case, see page 724.

ALLREAD, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This is an action to enjoin the Secretary of State from enforcing the provisions of 6292 GC. as amended in 110 OL. 222, insofar as they affect heavy trucks. The provisions in question provide as follows:

"Each commercial car having 25 horse-power or less, $8.00, and in addition thereto $0.20 for each 100 pounds of gross weight vehicle and load or fractional part thereof.

"For each commercial car having more than 25 and not more than 30 horse-power, $12, and in addition thereto $0.30 for each 100 pounds of gross weight vehicle and load or fractional part thereof.

"For each commercial car having more than 30 horse-power, $20, and in addition thereto $0.80 for each 100 pounds of gross weight vehicle and load or fractional part thereof."

The contention of the Grocery Co. was that the amendment was unconstitutional because it denies to the Company and others similarly

## STATE COURT OF APPEALS
## —Continued

situated the equal protection of the laws in violation of the 14th Amendment to the U. S. Constitution and in violation of Art. I, Sec. 2, of the Ohio Constitution. In holding that the above Amendment was constitutional, the Court of Appeals held:

1. A classification of the Legislature will not be held invalid unless the classification attempted is clearly and obviously unreasonable to the point of discrimination against members of the same classification so as to deny the equal protection of the laws. As this does not appear to be the case, the Amendment was proper.

2. Where a legislative classification has a reasonable basis, it is not invalid merely because not made with exactness or because in practice it may result in some inequality.

3. Before a Court will hold a law unconstitutional on the ground that its provisions are unreasonable and excessive, and in violation of the safeguards provided by the Constitution, it must be made to clearly appear that that enforcement of the statute will result in such violation. Even intendment must be made in favor of the validity of the law, if it appears that the means adopted are to the end in view, impartial in operation, not unduly oppressive upon individuals, and have a real and substantial relation to their purpose, it must be held valid.

Attorneys—Robert A. Taft, Cincinnati, Frank E. Calkins, Toledo, C. H. Duncan, A. H. Calland, Columbus, Day & Day, Cleveland, Smith W. Bennett, John H. Price and Carl F. Shuler, for Grocery Co.; C. C. Crabbe, H. H. Griswold and H. E. Miller, Columbus, for Brown.